IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIA TERYAEVA REED, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-23-3225 |
| USDC OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Julia Teryaeva Reed filed a Complaint against "USDC of Maryland D/B/A: Judson T. Mihok" and "Matthew Maddox." (Compl., ECF No. 1.) This case will be dismissed.

### I. Background

Reed filed her Complaint on November 27, 2023. Her allegations are difficult to follow. (*See generally* Compl.) She brings allegations against Assistant United States Attorneys Judson Mihok and (now-Judge) Matthew Maddox. (*See, e.g., id.* at 30.) Reed alleges that she "is a natural born, free, Living, breathing, flesh and blood human with sentient and moral existence, a real man upon the soil" and "not a United States Citizen." (*Id.* at 10–11.) She also alleges that she "exists as an entity" "and is not a living human." (*Id.* at 51.) She alleges that she cannot be subjected to the laws of the United States. (*Id.* at 11.) Reed appears to take issue with the judgment in a criminal case before Judge Russell, GLR-14-cr-00207. (*See, e.g., id.* at 13, 48.) She alleges that the judgment was void for various reasons, including that the Court was without jurisdiction. (*See, e.g., id.* at 16–25.)

Her allegations against the former AUSAs are unclear and nonsensical. (*See id.* at 51–52

("Judson T. Mihok & Matthew Maddox acted on behalf of UNITED STATES OF AMERICA; et al; to proceed against the Secured Party whilst formally charging the Corporate Fictional Government-created entity, JULIA TERYAEVA REED, instead of the Proper Party."); *id.* at 52 ("Judson T. Mihok & Matthew Maddox, proceeded to trick and compel Secured Party through threat, omission, lies, and/or coercion to stand the same for the charges for JULIA TERYAEVA REED – and/or to be the lien[ed] collateral in escrow for the charges, without full disclosure and clarification of the difference in nature of the two entities or the difference between the entity 'charged' and the entity being compelled to suffer as a result of the 'charges.'").)

In a March 5, 2024 Order, the Court directed Reed to show cause why her Complaint should not be dismissed, as she had not served the Defendants within 90 days of filing her Complaint. (*See* ECF No. 5 (citing Fed. R. Civ. P. 4(m) and Loc. R. 103.8(a)).) She responded that the Defendants had been served by mail and that Judge Maddox was served at 101 W. Lombard St. Baltimore, MD and that Mihok was served at 36 S. Charles St. Baltimore, MD. (ECF No. 6.)

Thereafter, on April 3, 2024, the Court entered an Order directing Reed to show cause why the claims should not be dismissed. (ECF No. 7.) The Court explained that dismissal was likely appropriate, given that they appeared frivolous and were likely barred by prosecutorial immunity. (*Id.*) The Court forewarned Reed that the failure to show cause would result in the dismissal of the action. (*Id.*) Reed did not respond to the Court's Order.

In addition, the United States filed a Motion to Dismiss the Complaint. (ECF No. 8.) The United States filed its Motion because it "is an interested party, as the United States would be the only proper Defendant in any tort action seeking damages based on the alleged action or inaction of a federal employee." (*Id.* at 1 n.2.) Reed filed a Response in Opposition, (ECF Nos. 10, 11), and the United States filed a Reply. (ECF No. 12.)

## II. Analysis

Simply put, Reed's claims are frivolous, and her Complaint will be dismissed on that basis.[1] The Court previously put Reed on notice that it believed her claims to be frivolous, and permitted her an opportunity to show cause why her claims should not be dismissed. She did not do so. The Court forewarned her that her failure to show cause would result in the dismissal of her claims, and the Court finds that such dismissal is appropriate.

Reed fails to comply with Rule 8(a)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Nothing in her Complaint indicates that she is entitled to relief, and despite Reed's *pro se* status, the Court "cannot be expected to construct full blown claims from sentence fragments[.]" *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Reed's Complaint goes beyond failing to state a claim, and enters the realm of frivolousness. *See Zahir v. McKeefery*, Civ. No. PX-19-1271, 2019 WL 1980352, at *2 (D. Md. May 3, 2019) (dismissing claims where "[t]he language used parrots the language of the beliefs and rhetoric espoused by the 'flesh and blood,' American Moorish, and Sovereign Citizen movements, all of which have been uniformly rejected as legally frivolous by this and other courts across the country."). In short, Reed is bound by the laws of the United States, and her claims to the contrary—which form the basis of her Complaint—are frivolous.

The Court will therefore dismiss Reed's claims with prejudice, and will close this case.

---

[1] In addition, Reed did not properly effectuate service of process within 90 days of filing her Complaint. Reed has not complied with Rule 4(i), which provides the requirements for serving a United States officer of employee. Further, Reed appears to have served both Defendants with unsigned summons. Therefore, Reed did not properly serve either Defendant, and Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the Court will dismiss the Complaint with prejudice as frivolous, as discussed in more detail below.

### *III.    Conclusion*

For the foregoing reasons, the Court will grant the United States' Motion to Dismiss. (ECF No. 8.) The Court will dismiss Reed's Complaint with prejudice.

It is ORDERED that:

1. The United States' Motion to Dismiss (ECF No. 8) is GRANTED.
2. Reed's claims against all Defendants are DISMISSED WITH PREJUDICE.
3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Reed.
4. The Clerk is DIRECTED to CLOSE this case.

DATED this __13__ day of May, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge